

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

June 19, 1986

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

901 Texas, Suite 700
uston, TX. 77002-3111
/13/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bonnie Leggat
Criminal District Attorney
P. O. Box 776
Marshall, Texas    75670

Opinion No. JM-503

Re: Whether the provision of the Court Administration Act, article 200a-1, V.T.C.S., relating to grand jury terms, repeals subdivision 71, of article 199, V.T.C.S.

Dear Ms. Leggat:

You ask whether the Court Administration Act, codified as article 200a-1, V.T.C.S., repeals the provision relating to grand jury terms in former subdivision 71, article 199, V.T.C.S. It is our opinion that the legislature did not intend to change the grand jury terms of the 71st Judicial District by the enactment of the Court Administration Act.

A grand jury in a state district court is selected and impaneled and serves for a specific term of court. See Code Crim. Proc. arts. 19.06, 19.07, 19.13, 19.17, 19.41.

Article V, section 7, of the Texas Constitution, authorizes the legislature by general or special law to provide the terms of court that it deems necessary for the district courts. Prior to the amendment of article V, section 7, in November, 1985, section 7 required at least two terms of court in each county during each year. The 1985 amendment deletes the requirement that there be at least two terms of court. Former statutes now recodified as the Government Code, Title 2, section 24.012, provide that each district court shall hold at least two terms of court each year in each county in the district. Accordingly, the legislature specified the number and the dates of the terms of court for each judicial district created by former article 199, V.T.C.S., and by the Judicial Districts Act of 1969, formerly codified as article 199a, V.T.C.S. Many of those district courts have two terms, and the terms begin on the first Mondays in January and July. For instance, the Judicial Districts Act of 1969 provides that the courts created by that act have terms which commence on the first Mondays in January and July unless the provisions of that act applicable to the specific judicial districts expressly provide other and different terms of court for a judicial district. See Govt. Code Title 2, ch. 24, subch. C, §§24.302, 24.358.

The issue is whether the terms of court specified in section 24.173 of the Government Code are changed by section 5.006 of the Court Administration Act. The legislature did not expressly repeal any part of article 199, V.T.C.S., or of the Government Code in the bill that enacted the Court Administration Act. See Acts 1985, 69th Leg., ch. 732, §5, at 5309. A law not expressly repealed may be repealed by implication, and the bill in question states that all laws inconsistent with or in conflict with the Court Administration Act are repealed. Id. §6, at 5310.

The judicial title of the Government Code, enacted in 1985, is a nonsubstantive recodification of the statutes relating to the judiciary. The provisions of former article 199, subdivision 71, defining the geographic area and terms of court of the 71st Judicial District, are recodified in the Government Code as follows:

§24.173. 71st Judicial District (Harrison County)

(a) The 71st Judicial District is composed of Harrison County.

(b) The terms of the 71st District Court begin on the first Mondays in January, March, May, July, September, and November and continue until the Saturday before the next succeeding term begins or until the court has disposed of the business for that term.

Section 5.006 of the Court Administration Act, enacted at the same legislative session, provides:

The terms of all courts covered by this chapter begin on the first Monday in January and the first Monday in July of each year, except as may otherwise be provided by law. Each term of court continues until the next succeeding term begins. (Emphasis added).

"All courts covered by this chapter" in section 5.006 includes district courts.

The dominant consideration in construing statutes is the intent of the legislature. See Calvert v. Texas Pipe Line Company, 517 S.W.2d 777 (Tex. 1974). It is well settled that two statutes dealing with the same subject matter will be construed together. If there is no positive repugnance between the two statutes, they will be harmonized and construed to give effect to both. See Brown v. Patterson, 609 S.W.2d 287 (Tex. Civ. App. - Dallas 1980, no writ).

It is our opinion that the provisions of former article 199, subdivision 71, and present section 24.173 of the Government Code which specify six terms for the 71st District Court are not inconsistent with the Court Administration Act.  Section 5.006 provides terms of court where the legislature has not by law otherwise provided the terms of court.  Section 24.173(b) is one of the instances in which the legislature by law otherwise specified the terms of court that are applicable to a particular district court.

## S U M M A R Y

The Court Administration Act does not change the terms of court provided for the 71st District Court by section 24.173(b) of the Government Code.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General